# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| VALERIE PEASLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  1:13-cv-00430-JDL |
| | ) |
| REGIS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## POST-TRIAL ORDER

This matter is before the court on the post-trial briefs filed by the parties in response to the court's Post-Trial Scheduling Order (ECF No. 68) (the "Scheduling Order"). After a three-day trial, the jury returned a verdict on October 1, 2014, finding in favor of the plaintiff, Valerie Peasley ("Peasley"), on her retaliation claim against the defendant, Regis Corporation ("Regis"), pursuant to the Maine Whistleblower Protection Act ("WPA"), 26 M.R.S.A. § 831 *et seq*.[1] The jury found in favor of Regis on Peasley's age discrimination claim pursuant to the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*.[2] (ECF No. 63). The jury awarded Peasley $40,000.00 in compensatory damages and $80,000.00 in punitive damages. ECF No. 63 at 1.

In the Post-Trial Scheduling Order, I ordered the parties to address two issues which remained unresolved after trial: first, whether Regis' Oral Motion for Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50(a), is

---

[1] 26 M.R.S.A. § 831, *et seq*. (2013).
[2] 29 U.S.C.A. § 621 *et seq*. (2013).

moot with regard to Peasley's ADEA claim; and second, whether, in light of the jury's verdict for Peasley on her WPA claim, what additional relief is warranted under the Maine Human Rights Act, 5 M.R.S.A. § 4551, *et seq.*[3]

A.   **REGIS' RULE 50(a) MOTION**

Despite the fact that the jury already ruled in its favor on Peasley's ADEA claim, Regis asserts that its pre-verdict Rule 50(a) motion is not moot, and requests that I enter judgment as a matter of law on that count. ECF No. 78 at 4. However, the cases cited by Regis do not support my issuance of a post-verdict ruling on the Rule 50(a) motion. Arguing that "the standard of review is different depending on whether an outcome is the result of a jury verdict and [sic] a judgment as a matter of law," Regis points to *Lama v. Borras*, 16 F.3d 473, 477 (1st Cir. 1994), which, unlike this case, concerned the district court's *denial* of a defendant's *post*-verdict Rule 50(b) motion, submitted after the jury returned a verdict *favorable* to the plaintiff. ECF No. 78 at 4; *see Lama*, 16 F.3d at 476-77. Regis' reliance on *Kenda Corp., Inc. v. Pot O'Gold Money Leagues, Inc.*, 329 F.3d 216, 225 (1st Cir. 2003), is similarly inapt because the defendant in that case, unlike Regis, challenged the jury's verdict. Neither case supports Regis' argument that its Rule 50(a) motion is not moot.

The 1991 Advisory Committee Notes to Rule 50 recognize that a jury verdict in favor of a party who had earlier moved for judgment as a matter of law "moots the issue." Fed. R. Civ. P. 50 advisory committee's note (West 2014); *see also EMI Music Marketing v. Avatar Records, Inc.*, 364 F. Supp. 2d 337, 342 (S.D.N.Y. 2005). This is

---

[3] 5 M.R.S.A. § 4551, *et seq.* (2014).

2

a sensible approach that is consistent with Rule 50's text and function. Because the jury returned a verdict in favor of Regis on Peasley's ADEA claim, Regis' Rule 50(a) motion is moot.

## B. ADDITIONAL RELIEF

### 1. Back Pay

Regis is liable for back pay in the amount of $20,126, and for back benefits in the amount of $647.

### 2. Reinstatement

Peasley is ordered reinstated. "[I]n employment discrimination cases, the overarching preference is for reinstatement." *Che v. Massachusetts Bay Transp. Auth.*, 342 F.3d 31, 43 (1st Cir. 2003) (quoting *Selgas v. Am. Airlines, Inc.*, 104 F.3d 9, 13 (1st Cir. 1997) (quotation marks omitted). "This preference and the reasoning behind it apply by extension to equitable remedies under the MHRA." *Webber v. International Paper Co.,* 307 F. Supp. 2d 119, 128 (D. Me. 2004). Although Regis argues that reinstatement would be "a recipe for future antagonism and problems," ECF No. 78 at 6, the First Circuit has held that hostility resulting from reinstatement is not enough to justify a denial of reinstatement. *Che*, 342 F.3d at 43 ("The reason we have adopted such a rule is because the goals of Title VII would be ill served if we permitted such routine antagonism to be an adequate ground for denying reinstatement.").

### 3. Pre-Judgment and Post-Judgment Interest

Regis is liable for pre- and post- judgment interest. Regis does not object to this award. ECF No. 78 at 7.

### 4. Other Requests for Declaratory and Injunctive Relief

The jury's verdict in this case included an award of punitive damages. That award, combined with Peasley's reinstatement, is sufficient to deter future violations by Regis. Therefore, Peasley's remaining requests for declaratory and injunctive relief are denied.

**SO ORDERED.**

This 5th day of February 2015.

                                                          /s/ Jon D. Levy
                                                         U.S. District Judge